

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2002

# Ricciardi v. Consolidated Rail

Precedential or Non-Precedential:

Docket 0-3678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ricciardi v. Consolidated Rail" (2002). *2002 Decisions.* Paper 23.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/23

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-3678
_____


JOSEPH R. RICCIARDI,
                                        Appellant

                    v.

CONSOLIDATED RAIL CORPORATION

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 98-cv-03420
(Honorable Norma L. Shapiro)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2001

Before:  SCIRICA and BARRY, Circuit Judges, and MUNLEY, District Judge*

(Filed January 16, 2002)


_____

OPINION OF THE COURT
_____



     *Honorable James M. Munley, United States District Judge for the
Middle District of
Pennsylvania, sitting by designation.

PER CURIAM.

     This is an appeal of the District Court's grant of summary judgment
in favor of
Consolidated Rail on the claim that plaintiff Joseph Ricciardi was
terminated in violation
of the Americans with Disabilities Act, 42 U.S.C.   12111 et seq.
Ricciardi contends the
District Court erred in not applying the equitable tolling doctrine to the
late filing of his

EEOC charge and in finding that he was not a qualified individual with a disability.

Our review of a grant of summary judgment is plenary. In order to sustain a claim, ADA plaintiffs must file an EEOC charge within 300 days of the alleged improper employment practice. Here, plaintiff filed an EEOC charge on March 23, 1998, more than 300 days after he was terminated on July 23, 1996. We agree with the District Court that "[t]here is no evidence of Ricciardi's timely filing a charge (rather than an intake questionnaire) with the EEOC, of an extraordinary circumstance preventing him from timely filing a charge with the EEOC, or of due diligence on his part. Nor are there present other factors mandating the application of equitable tolling." (District Court September 29, 2000 Opinion at 11). Accordingly, defendant's motion for summary judgment was properly granted on the grounds that Ricciardi failed to file a timely charge.

For these reasons, we will affirm the District Court's grant of summary judgment.


TO THE CLERK:

Please file the foregoing opinion.